UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELLA MARIE BROWN, ) | |
| ) | |
| Claimant, ) | |
| ) | |
| vs. ) | Civil Action No. 2:24-cv-1539-CLS |
| ) | |
| LELAND DUDEK, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER OF REMAND

Claimant, Ella Marie Brown, commenced this suit pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security, affirming the decision of an Administrative Law Judge ("ALJ") and, thereby, denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be reversed, and this case remanded for further proceedings.

### I.  STANDARDS OF REVIEW

The court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and, whether correct legal standards were applied. *See Lamb v.*

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983). The court may not "decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178 (11th Cir. 2011) (alteration supplied).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence, nor in accordance with applicable legal standards. Specifically, claimant asserts that the ALJ did not properly evaluate the persuasiveness of the opinion of William Dean Sides, M.D. Upon review of the record, the court concludes that contention has merit.

## II. DISCUSSION

**A.  The ALJ's Decision**

The ALJ found that claimant had the following severe impairments that significantly limited her ability to perform basic work activities: obesity; degenerative disc disease; chronic heart failure; ischemic heart disease; and ventricular tachycardia.[1] After reviewing the medical and non-medical evidence, including claimant's hearing testimony, the ALJ concluded that claimant retained the following residual functional capacity:

> After careful consideration of the entire record, I find that, through the date last insured [*i.e.*, September 30, 2023], the claimant had

---

[1] Tr. 12.

2

> the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps or stairs. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, or crawl. The claimant can occasionally be exposed to extreme cold or extreme heat. She can never be exposed to workplace hazards such as moving mechanical parts and high, exposed places.

Tr. 20 (alteration supplied). Based upon the testimony of the vocational expert with the limitations specified in the foregoing hypothetical question, the ALJ found that claimant could not perform her past relevant work as a caregiver.[2] Even so, the vocational expert testified, and the ALJ concluded, that claimant could perform the requirements of light, unskilled occupations, such as cashier II, routing clerk, and storage facility rental clerk.[3] Accordingly, the ALJ found that claimant did not establish that she was under a disability, as defined in the Social Security Act, from the alleged onset date of January 1, 2022 through September 30, 2023, the date claimant was last insured.[4]

The Appeals Council denied claimant's request for review on October 11, 2024.[5] Therefore, the ALJ's decision is the final decision of the Commissioner. Claimant seeks judicial review of that decision in the present suit.

---

[2] Tr. 23-24.
[3] Tr. 24.
[4] Tr. 25.
[5] Tr. 1-3.

## B.   The ALJ's Evaluation of the Opinion of Dr. Sides

Claimant takes issue with the ALJ's evaluation of the "Treating Source Statement" completed by William Dean Sides, M.D., on March 13, 2023.[6] Dr. Sides, who is a board-certified family practice physician, was asked to:

> complete the following questions based upon your personal treatment of [claimant] Ella Brown. Your opinion should be based on your findings with respect to medical history, clinical and laboratory findings, diagnosis, prescribed treatment, response to treatment, and prognosis.

Tr. 986 (alteration supplied). Dr. Sides stated that he had treated claimant since December 3, 2019, on several occasions each year. He listed the diagnoses for which he had treated claimant as: hypertension; hyperthyroidism; warfarin anticoagulation; hospital follow-up for ventricular fibrillation; lumbar radiculopathy; and heart failure.[7] Dr. Sides indicated, by checking a box, that claimant's symptoms would be severe enough to interfere with the attention and concentration needed to perform simple work tasks more than twenty-percent of a typical workday, and that she would likely be absent from work more than four days in a month.[8] The form then asked Dr. Sides to provide his opinion of claimant's ability to perform certain work-related activities on a regular and continuous basis, and supplied tables for him to mark his

---

[6] Tr. 986-89.
[7] *Id.*
[8] *Id.*

assessment, as well as space for him to identify the particular medical or clinical findings supporting his opinion for each activity.[9] Dr. Sides marked boxes indicating that claimant could never lift or carry ten pounds or less, and stated that the limitation was due to claimant's "short[ness] of breath, generalized fatigue, [and] back pain."[10] He opined that claimant was limited to sitting, standing, and walking for one hour of an eight-hour workday, and that she required a sit/stand option.[11] Dr. Sides attributed those limitations to claimant's "lower back pain, shortness of breath, [and] generalized fatigue."[12] He noted that claimant did not require the use of a cane or assistive device.[13] Dr. Sides indicated that claimant could, with both arms and hands, frequently (*i.e.*, 34% to 66% of an eight-hour day) perform the following activities: reach overhead; reach "all other"; handle; finger; feel; push; and pull. Claimant's diagnosis of heart failure supported those limitations.[14] Dr. Sides indicated that claimant could "frequently" use foot controls, as limited by her chronic back pain.[15] As for postural activities, Dr. Sides noted that claimant could "never" climb stairs, ramps, ladders, or scaffolds, but that she could "frequently" balance, stoop, kneel,

---

[9] Tr. at 987-89.

[10] Tr. at 987 (alterations supplied).

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Tr. 988.

[15] *Id.*

crouch, crawl, and rotate her head and neck.[16] Dr. Sides opined that claimant should "never" be exposed to the following environmental limitations: unprotected heights; moving mechanical parts; operating a vehicle; humidity and wetness; dust, odors, fumes, or pulmonary irritants; extreme cold; extreme heat; and vibrations.[17] Finally, Dr. Sides attested that "I have formed these medical opinions based upon my training, education, experience, a review of the patient's medical history, and my observations in treating [claimant] Ella Brown."[18]

After reviewing the opinion of Dr. Sides, the ALJ stated the following:

> *Under current regulations, an opinion from a claimant's treating source is entitled to some deference unless "good cause" is shown to the contrary. Among other reasons, good cause can exist when: (1) the treating physician's opinion was not bolstered (i.e., consistent with, under current regulations) the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent (i.e., not supported by, under current regulations) his or her own medical records.* In this claim, good cause exists to discount the opinion of Dr. Sides because his opinion consists of a series of checked boxes on a form. It is presented in a manner that is not helpful to the determination, and does not offer adequate explanation to justify these extreme limitations. Thus, it is only minimally persuasive. Further, Dr. Sides's own treatment records do not support his opinions outlined above. These extreme limitations are not supported by treatment notes in which Dr. Sides encouraged the claimant to engage in exercise or records indicating that her medication is effective at reducing her symptoms and improving her functioning. Further, these

---

[16] Tr. 988-89.

[17] Tr. 989.

[18] *Id.* (alteration supplied).

>limitations are not consistent with the normal musculoskeletal and neurological examinations throughout the record. The lifting limitations are not consistent with the normal motor findings in the record and the opinion stating that the claimant has significant limitations in her ability to stand and walk are not consistent with the normal gait and coordination findings in the record. In addition, the claimant's reported ability to work, drive, and exercise do not support a finding the claimant is so limited that she could only stand, sit, or walk for 1 hour total in a workday.

Tr. 23 (emphasis supplied and internal citations omitted).

As an initial matter, the ALJ misstated the standard for assessing the persuasiveness of Dr. Sides's opinion. The so-called "treating-physician" rule referenced by the ALJ[19] was abrogated by regulations implemented by the Commissioner that became effective March 27, 2017. *See Harner v. Social Security Administration, Commissioner*, 38 F.4th 892 (11th Cir. 2022)  The Eleventh Circuit observed in *Harner* that:

>The Commissioner explained that the change eliminated confusion about the hierarchy of medical sources and focused on "the persuasiveness of the content of the evidence." The Commissioner determined that a change was required due to the shift away from physicians having a personal relationship with claimants and toward claimants consulting multiple doctors and care teams.

38 F.4th at 897.

Accordingly, for claims filed on or after March 27, 2017, such as claimant's,

---

[19] That standard has its roots in the Eleventh Circuit's decision in *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982).

an administrative law judge must "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a) (alteration supplied).  The regulation provides, instead, factors for determining the *persuasiveness* of medical opinions.  Those factors include: the supportability of the medical opinion; its consistency with other record evidence, the physician's relationship with the claimant; the physician's specialty; and other relevant information.  20 C.F.R. § 404.1520c(c)(1)-(5).  When articulating an opinion's persuasiveness or lack thereof, the ALJ must explain how he or she considered the factors of supportability and consistency — the most important factors — and may, but is not required to, explain how he or she considered the remaining factors.  20 C.F.R. § 404.1520c(b)(2).

Because the ALJ applied an outdated standard, this case will be remanded for further proceedings.  On remand, the ALJ is instructed to apply the proper standard for evaluating the persuasiveness of Dr. Sides's opinion.  On remand, claimant's counsel would be well advised to consider submission of a narrative opinion by Dr. Sides of claimant's limitations, rather than a checklist form.

### III. CONCLUSION

In accordance with the foregoing, the decision of the Commissioner is

REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings consistent with this memorandum opinion and order.

The Clerk is directed to close this file.

**DONE** and **ORDERED** this 14th day of May, 2025.

_____<br>
Senior United States District Judge